IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-89-NJR |
| ) | |
| ) | |
| C/O GONZALEZ, SGT. SHELBY, and ) | |
| IDOC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Lee, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lee alleges sexual harassment and failure to protect claims in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Lee makes the following allegations: On October 21, 2021, Correctional Officer Gonzalez escorted Lee to a shower stall and stated that he heard Lee was a transgendered individual and that he loved transgenders (Doc. 1, p. 20). While making the statement, he grabbed and pinched Lee's butt and pulled on the back of his pants (*Id.*). Lee asked to speak to a supervisor, and Gonzalez informed him that they would not believe Lee (*Id.*). Gonzalez stated that Lee liked his actions.

Lee told Sergeant Shelby what had occurred and that he felt unsafe walking back to his cell with Gonzalez (*Id.* at p. 20). Shelby told him to write a grievance and walked away. When Lee returned to his cell, he wrote the Administrative Review Board ("ARB") and the warden. Although he informed administration about the incident, on December 4 and 6, 2021, Gonzalez informed Less that he was notified of a grievance written by Lee and that no one cared about his complaints (*Id.*). He also informed Lee that he had a nice butt (*Id.*). Lee maintains that he continued to be verbally harassed by Gonzalez, and he was again told he had a nice butt on November 27, 2021 (*Id.*). On that date, Gonzalez also stated that he knew Lee filed a PREA grievance but that he was an officer and would "win" (*Id.* at p. 18). Lee described the statement as a "threat."

## Preliminary Dismissals

To the extent that Lee seeks to bring claims against the Illinois Department of Corrections, it is a state government agency, and is not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Billman v. Ind. Dep't of Corr.*,

56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, IDOC is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment claim against Gonzalez for sexually harassing Lee.
>
> **Count 2:** Eighth Amendment failure to protect claim against Shelby for failing to protect Lee from Gonzalez's harassment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Lee states a claim in Count 1 for the alleged sexual harassment by Gonzalez. *See Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

As to Count 2, however, Lee fails to state a claim. Lee alleges that he only spoke to Shelby on one occasion, immediately after Gonzalez harassed him on October 21, 2021. In order for a plaintiff to succeed on a failure to protect claim, he must show that he is

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

incarcerated under conditions posing a substantial risk of serious harm, and that the defendant acted with "deliberate indifference" to that danger. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, the defendant had to know that there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Here, Lee fails to allege that Shelby was aware of a specific threat to his safety. In fact, he alleges that he spoke to Shelby *after* the first incident of harassment and informed Shelby that he felt unsafe walking back to his cell with Gonzalez. But Gonzalez did not further harass Lee on his way back to the cell. Nor did Lee inform Shelby of any concerns of future harassment. Thus, the allegations in the Complaint do not adequately allege a failure to protect claim. Count 2 and Sergeant Shelby are **DISMISED without prejudice**.

## Pending Motions

As to Lee's motion for counsel (Doc. 3), he states that he wrote 10 attorneys and enclosed the responses he received, but there are no attachments to his motion. There are likewise no letters attached to his Complaint (Doc. 1) or other filings (Docs. 2, 10, 12). He also fails to identify the attorneys he contacted. Thus, the motion is **DENIED** because Lee fails to demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Lee to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing

another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Lee should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Gonzalez. Count 2 as well as Defendants Shelby and IDOC are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Gonzalez: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Lee. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Lee, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lee, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lee is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 22, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**