IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL LEE,

           Plaintiff,

v.

ARMANDO GONZALEZ,

           Defendant.

Case No. 22-cv-89-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions from the parties. Plaintiff Michael Lee filed a motion for entry of default (Doc. 27) and a motion to squash defendant and vacate request (Doc. 40). Defendant Armando Gonzalez[1] filed a motion to vacate the entry of default (Doc. 33) entered against him on June 29, 2022 (Doc. 26). Lee seeks a default judgment against Gonzalez and requests that the motion to vacate be denied.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default

---

[1] Armando Gonzalez has identified himself by his proper name. The Clerk of Court is **DIRECTED** to **CORRECT** the docket to reflect Gonzalez's proper name.

judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Here, Gonzalez has met the standard for vacating the default. He demonstrated good cause because his counsel failed to enter on his behalf and file an Answer. He sought representation from the Office of the Attorney General, but representation was not promptly assigned, through no fault of his own. He also acted to correct the default. Once counsel was assigned, counsel promptly filed the current motion to vacate. Gonzalez also maintains that he has a meritorious defense, including Lee's failure to exhaust his administrative remedies. Although Lee argues that the defense is not meritorious because he exhausted his administrative remedies, at this stage, the Court finds that Gonzalez has raised a meritorious defense and the issue of whether Lee exhausted his administrative remedies will be dealt with at a later date.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Gonzalez meets the standard for vacating the entry of default. His motion to vacate (Doc. 33) is **GRANTED** and the entry of default (Doc. 26) is **VACATED**. Lee's motions for default judgment (Docs. 27 and 40) are **DENIED**. Gonzalez's Answer is due **July 29, 2022**.

**IT IS SO ORDERED.**

DATED:   July 18, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**